UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, :
v. :
DARIAN RENARD TENSLEY, :
Defendant. :

Case. No. 3:15-CR-108
Judge: Munley

MOTION TO DISMISS
INDICTMENT

"Prosecutorial Abuse of Grand Jury Process."
"Pre-Indictment Delay."

Relief Sought

The defendant, Darian Renard Tensley, moves for an order dismissing the indictment in this action.

Grounds for Relief

The grounds for dismissing the indictment are that the indictment resulted from an abuse of the grand jury and of the process of this Court.

1. The Defendant alleges that the government intentionally delayed the indictment process to obtain an unfair advantage over defendant.

2. The indictment in question was filed June 2, 2015. This is over two years from the time of the alleged offense.

3. The government is abusing the Grand Jury process, because at the time of the arrest, which was in August of 2013, the prosecution had no intention of trying the Defendant on the current indictment. (See DHO Report) Exhibit 1.

4. This gravely injured defendant because the defendant suffered injuries, lost surveillance film, witness and was transferred and

is unable to constitutionally prepare an adequate defense because
of the intentional delay, which resulted in Pre-Indictment delay
(See, Exhibit 2) Pre-Indictment delay.

5. The willfull and intentional actions resulted in a violation
of the Speedy Trial Act, the Speedy trial clock ran far beyond
the required 30 day limit prior to indictment once AUSA Smith
decided not to prosecute this case. (See DHO Report) Exhibit 1,
Todd W. Kerney DHO Officer.

6. This is also a violation of the Due Process Clause as to
protect against bringing overly stale criminal charges. The
Defendant was grossly prejudiced due to the fact that now over
two years later violates U.S.C.S § 3161 time limits and exclusions.

7. If we refer to Exhibit (3) (Incident Report) the staff
became aware of this incident on 8/14/13 (time of incident was
6:37am.)

8. If we refer to Exhibit (4) (lock up orders) this is actual
proof when the defendant was arrested for/pending investigation
by K. Ferguson Lt.

9. Finally, in Exhibit (1) the DHO Report, It was blatantly
understood by defendant that this investigation had been released
by the FBI, now he's been charged and taken by surprise to defend
against charges that are overly stale. The indictment was investigated
by J. Seeba on December 10, 2013. The UDC also took place at USP
Lewisburg. After the defendant was transferred to USP Allenwood
from USP Lewisburg, law enforcement intervention was contacted. It
was discovered and documented that this case has been released by
the US Attorney's Office.

10. Now after this case was released and documented, the defendant pursued a civil claim for sexual harassment. It is the Defendant's position that the government maliciously targeted him because of this fact then moved for reprosecution.

11. The defendant also filed assault and battery charges against correctional officers at Lewisburg USP for retaliation the same day. This is a violation of the 8th Amendment right against cruel and unusual punishment. Defendant suffered bruises on his ribs, wrist, hands and ankles. All of this is documented. See, medical files.

13. Lastly, the defendant can show through a series of lock up orders and also a filed tort claim; the government prevented him from obtaining lawful Due Process, and the government retaliated because the defendant took civil action regarding the alleged sexual misconduct and the assault and battery. See, Exhibits (4) and (5) (lock up order dates and the federal tort claim).

The tort claim was filed 2 years after the incident, when the defendant was indicted.

CONCLUSION

It is defendant's contention and argument that AUSA Smith abused the Grand Jury process, upon the defendant filing the civil law suite and pursuing a tort claim behind sexual harassment and assault and battery charges against correction's officers. Now, the government has decided to charge me criminally. The government's actions demonstrates a total disregard to the Speedy Trial Act, and Due Process Clause of the Constitution. Once the DHO sanctioned me for this incident and the FBI/AUSA finished there investigation,

the statute of limitation period for indicting the defendant should began to run. Bottom line, this violated the procedural Due Process and Speedy Trial rights. This prosecution deliberately retaliated on defendant by filing this indictment because I pursued civil remedies.

Remedy

I demand a dismissal and full closure and settlement of all accounts. I pray this Court rules in the interest of justice and Commo n Law as per Swift v. Tyson.

Darian Renard Tensley
41138-018

Date: 11/20/2015

Attachment 1

## ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
## FCC ALLENWOOD INFORMAL RESOLUTION FORM IR. 2480108

LSCI____ FCI____ USP X

NOTE TO INMATE: You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9 [BP-229(13)], you must ordinarily attempt to informally resolve your complaint through your Correctional Counselor. Briefly state ONE complaint below and list what efforts you have made to resolve your complaint informally and state the names of staff contacted.

Issued By: VB (Initials of Correctional Counselor)
Date Issued To The Inmate: 8/26/14

INMATE'S COMMENTS:

1. Complaint: I/m Tensley Due Process rights were Violated due to the waiting and delayed processing of this Incident Report has been handle by BOP personnels (continuation 1 of 3).
2. Efforts you have made to informally resolve: talked to BOP personnel
3. Names of staff you contacted: Admin; Exec; Asst. C. Brown; Ya.J Nelson Y/m Burke Education Supervisor N. Yarnell

Date Returned to Correctional Counselor: 8/30/14

[signature] Inmate's Signature — 41138-018 Reg. Number — 8/31/2014 Date

CORRECTIONAL COUNSELOR'S COMMENTS:

1. Efforts made to informally resolve and staff contacted: See Attached

Date BP-9 Issued: 9/5/14

[signature] Correctional Counselor

[signature] 9-1-14 Unit Manager (Date)

Distribution: If complaint is NOT informally resolved - Forward original attached to BP-9 Form to the Administrative Remedy Coordinator.

Informal Resolution continuation 2 of 3. [illegible] 41138-018 Date

continuation of the Complaint; Also due to the Inadequate Law library/Education Deptment. Dealing with inadequate way inmates have to ~~relay on~~ rely on BOP peronnels for copies to meet deadline. Due to Mrs. Bittenbinder actions I/m Tensley was unable to meet the to meet the (20) days deadline to challenge the Discipline Hearing process being she did not return the Legal materials copies I/m Tensley requested from the Lawlibrary/Education Deptment. Due to this I/m Tensley was unable to raise issues dealing with this incident Report 2480108 Remedy ID 790536-R1; issue like being trans-seg to two other institutions and the series of incidents that occurred that same day. All this time I/m Tensley was told that his case had been sent to the AUSA/FBI prosecutors office for possible prosecution; yet this starts at F.C.I Schuylkill to U.S.P Lewisburg (SMU) who misplaced the AUSA/FBI paperwork/Documents rather by Mistake or intentionally which I/m Tensley believe it to be the latter! Due to Capt. Taggert and A.W. Wilson whom stated that I/m Tensley was in what they called the "Drag" process which caused I/m Tensley to be housed in the SHU from Institution to Another for All of 13 months unnecessarily and unjust due to the Negligence caused by U.S.P Lewisburg L/t Seeba! It was cruel and Unfair to even consider to justify why I/m Tensley was made to do disciplinary Segregation as well as the loss of commissary as well as visitation priveleges for 6 months due to the elapsed time of the case from 8/14/2013 to Now 7/9/2014; which I/m Tensley stated previously being held under false pretense of an Outside pending Assault Remedy 778637-R1 that this is cruel and unjust punishment and results in a fundamiscarriage of Justice, and Violates due process! Due to the inadequate Lawlibrary/Education Deptment way inmates having to rely on BOP peronnels for copies to meets deadlines; Due to Mrs. Bittenbinder's actions on 8/1/2014 8:12 Am A range SHU cell 115 Mrs. Bittenbinder took I/m Tensley Legal materials under pretense of making copies and returning on 8/1/2014 to which I/m Tensley did not received onto 8/11/2014 1:30pm A range cell 107 Education Deptment Supervisor N. Yarnell to whom had also Provided a staff verification to which the Administrative Remedy coordinator Northeast Regional office still Rejected For Reason 1; Your Appeal is Untimely; Due to Mrs. Bittenbinder I/m Tensley was unable to file his Appeal in a Timely

Informal Resolution continuation 3 of 3. [signature] 41138-018 DAte:

Continuation of the Complaint; Matter; All of the incidents that has taken places since being placed in the SHU as of 8/14/2013; has results in a fundamiscarriage of Justice; and violates due process rights as well as constitutional Rights! These are the Remedies that I/m Tensley wants; An official investigation into the Sexual conduct and viewing of All the video recordings that occurred; Expunged from Inmate Discipline file and all sanction be restored; to be compensated for losed property and injuries suffer by BOP personnels members.

NAME: Tensley, Darian
Reg. No.: 41138-018
Unit: II-B

*United States Penitentiary, Allenwood*

This is in response to your informal resolution wherein you state your due process rights were violated based upon delayed processing of an incident report.

You filed an administrative remedy appealing the DHO sanction you received from incident report number 2480108. Accordingly, your Regional appeal remedy ID 790536-R1 was denied due to the fact your appeal was not received within the 20 day time frame. Your claim the untimeliness was due to Bureau staff, and lack of legal materials available to you is invalid. You were made aware the administrative remedy must be received at the regional office within 20 days, including mail time. Your request for administrative remedy in this case is denied.

J. Neylon, Unit II-B Counselor — September 04, 2014
Date

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

REQUEST FOR ADMINISTRATIVE REMEDY

SEP 15 2014

BY:

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Tensley Darian R — 41138-018 — 2-B — U.S.P Allenwood

LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

**Part A- INMATE REQUEST** My Due Process rights are being Violated due to the Administrative Remedy Coordinator in the Northeast Regional Office not wanting to accept the staff verification for being untimely but he had accepted other Inmates Memorandum for their Untimely who had the same issues dealing with Mrs. Bittenbinder actions on 8/1/2014. Any other time I had been Untimely I needed a staff Verification for Being Untimely, Being I did not send the DHO Hearing in install I had staff Verification ~~on~~ now not even staff verification are no good. So My Due Process rights are being Violated to continue cover up the sexual conduct of ofc. J. Seidel and the action of BOP personnels from F.C.I Schuylkill to U.S.P Lewisburg (SMU) who have also made me miss the 1 year window I had to File my 2255(f)(3) under the Descamps and the physical injuries suffer by BOP personnels members.

9/9/2014 — [signature] - 41138-018

DATE — SIGNATURE OF REQUESTER

**Part B- RESPONSE**

DATE — WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: 794141-F1

CASE NUMBER: ______

**Part C- RECEIPT**

Return to: ______

LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT: ______

DATE — RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

PRINTED ON RECYCLED PAPER

BP-229(13)
APRIL 1982

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Tenley Donan R | 41138-018 | 2-B | USP Allenwood
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A- INMATE REQUEST** My Due Process rights are being Violated due to the Administrative Remedy Coordinator in the Northeast Regional Office not wanting to accept the staff verification for being untimely but he had accepted other Inmates Memorandum for their Untimely who had the same issues dealing with Mrs. Bittenbinder actions on 8/1/2014. Any other time I had been Untimely I needed a staff Verification for being Untimely, Being I did not send the DHO Hearing in until I had staff Verification now not even staff verification are no good. So My Due Process rights are being Violated to continue cover up the sexual conduct of ofc. J. Seidel and the action of BOP personnels from F.C.I Schuylkill to U.S.P Lewisburg (SMU) who have also made me miss the 1 year window I had to File my 2255(f)(3) under the Descamps and the physical injuries suffer by BOP personnels members.

9/9/2014
DATE

[signature] - 41138-018
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**SECOND COPY: RETURN TO INMATE** CASE NUMBER: ____________

CASE NUMBER: ____________

**Part C- RECEIPT**

Return to: ____________
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: ____________

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

PRINTED ON RECYCLED PAPER

BP-229(13)
APRIL 1982

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Tenley Damon R. | 41128-016 | 2 B | [illegible]

LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A- INMATE REQUEST** My Due process rights are being violated [illegible] in the Administrative remedy [illegible] the Northeast Regional [illegible] not [illegible] staff verification for [illegible] but [illegible] accepted other Inmate Memorandum for their [illegible] who had the same issue dealing with Mr. [illegible] 9/1/2014. Any other time I had been untimel. I needed [illegible] for being Untimely, [illegible] I had staff verification [illegible] are no good. So my Due Process rights are being violated [illegible] continue cover up the [illegible] conduct of [illegible] of BOP personnel from [illegible] (5 majors [illegible] made me miss the 1 year window I [illegible] 2255(f)(3) [illegible] by BOP personnel [illegible].

9/9/2014

DATE

[signature] - 41128-016

SIGNATURE OF REQUESTER

**Part B- RESPONSE**

DATE

WARDEN OR REGIONAL DIRECTOR

***If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.***

**THIRD COPY: RETURN TO INMATE**

**CASE NUMBER:** ________

**CASE NUMBER:** ________

**Part C- RECEIPT**

Return to:

LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

PRINTED ON RECYCLED PAPER

BP-229(13)
APRIL 1982

TENSLEY, Darian
Register No.: 41138-018
Appeal No.: 794141-F1
Page 1

**Part B - Response**

This is in response to your Request for Administrative Remedy in which you claim the Administrative Remedy Coordinator at the Northeast Regional Office inappropriately rejected your regional appeal because it was untimely. You contend the untimeliness was due to the Education Department not providing you copies of documents in a timely manner.

Included with your filing was a memorandum, dated August 11, 2014, the FCC Allenwood Supervisor of Education provided describing a delay in returning legal copies to you as a result of staff being unavailable. If this memorandum was not included with your initial regional appeal, you may wish to resubmit your appeal to include this document. Your other concerns regarding your appeal being rejected as untimely at the regional office were addressed in a previous response, specifically, Administrative Remedy No. #792930-F1.

Accordingly, this response to your Request for Administrative Remedy is provided for Informational Purposes Only. If you are not satisfied with this response, you may appeal to the Regional Director within 20 calendar days of this response.

Donna Zickefoose
Warden

9/22/14
Date

TENSLEY, Darian
Register No.: 41138-018
Appeal No.: 794141-F1
Page 1

**Part B - Response**

This is in response to your Request for Administrative Remedy in which you claim the Administrative Remedy Coordinator at the Northeast Regional Office inappropriately rejected your regional appeal because it was untimely. You contend the untimeliness was due to the Education Department not providing you copies of documents in a timely manner.

Included with your filing was a memorandum, dated August 11, 2014, the FCC Allenwood Supervisor of Education provided describing a delay in returning legal copies to you as a result of staff being unavailable. If this memorandum was not included with your initial regional appeal, you may wish to resubmit your appeal to include this document. Your other concerns regarding your appeal being rejected as untimely at the regional office were addressed in a previous response, specifically, Administrative Remedy No. #792930-F1.

Accordingly, this response to your Request for Administrative Remedy is provided for Informational Purposes Only. If you are not satisfied with this response, you may appeal to the Regional Director within 20 calendar days of this response.

Donna Zickefoose
Warden

9/22/14
Date

TENSLEY, Darian
Register No.: 41138-018
Appeal No.: 794141-F1
Page 1

**Part B - Response**

This is in response to your Request for Administrative Remedy in which you claim the Administrative Remedy Coordinator at the Northeast Regional Office inappropriately rejected your regional appeal because it was untimely. You contend the untimeliness was due to the Education Department not providing you copies of documents in a timely manner.

Included with your filing was a memorandum, dated August 11, 2014, the FCC Allenwood Supervisor of Education provided describing a delay in returning legal copies to you as a result of staff being unavailable. If this memorandum was not included with your initial regional appeal, you may wish to resubmit your appeal to include this document. Your other concerns regarding your appeal being rejected as untimely at the regional office were addressed in a previous response, specifically, Administrative Remedy No. #792930-F1.

Accordingly, this response to your Request for Administrative Remedy is provided for Informational Purposes Only. If you are not satisfied with this response, you may appeal to the Regional Director within 20 calendar days of this response.

[signature] 9/22/14

Donna Zickefoose
Warden

Date

U.S. Department of Justice

Federal Bureau of Prisons

Tensley #41138-0…

**Regional Administ… Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) includ… …ing any attachments must be submitted with this appeal.

From: Tensley, Darian R — LAST NAME, FIRST, MIDDLE INITIAL | 41138-018 — REG. NO. | 3-B — UNIT | USP Allenwood — INSTITUTION

Part A - REASON FOR APPEAL In tack is the staff memorandum for being Un… …onse to the Warden Zickelfoose and the Administrative Remedy Coordin… had in fact sent a staff memorandum the first time he had sent the… …ibit (O) by Supervisor of education N. Varnell, I/m Tensley was still rejected as… Administrative Remedy coordinator disregard that staff verification and did not… to provide a staff verification for being Untimely as one of the Reason for a Re… had also stated that why his DHO Appeal was untimely Due to Mrs. Bitten Binds… returning his Legal materials (copies) in a timely fashion. These Acts Continue to… …f events demonstrating intentional retaliation against Inmate Tensley by BOP Pers… …xual Conduct that turned into Retaliatory treatments that has violated I/m Tensley… …ecured by Constitution of the United States I/m Tensley Continue to ask for an… …e allegations dealing with the Sexual Conduct, the Assault/battery and the ap… BOP. personnels

…0-16-2014
DATE

-41138-018
SIGNATURE OF REQUESTER

…RESPONSE

1/27/14

…al Counsel. Your appeal must be received in the General Counsel…

REGIONAL…

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appea**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachm with this appeal.

From: [illegible] LAST NAME, FIRST, MIDDLE INITIAL | [illegible] REG. NO. | [illegible] UNIT | [illegible] INSTITUTI

**Part A - REASON FOR APPEAL** I [illegible]
[illegible]
[illegible]
[illegible]
[illegible]
to provide [illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible] BOP personnel.

10-16-2014
DATE

[signature]
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

NOV 07 2014

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY

CASE NUMBER:

**Part C - RECEIPT**

CASE NUMBER:

Return to: LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

UPN LVN

U.S. Department of Justice

Federal Bureau of Prisons

# Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: [illegible] LAST NAME, FIRST, MIDDLE INITIAL | [illegible] REG. NO. | [illegible] UNIT | [illegible] INSTITUTION

**Part A - REASON FOR APPEAL** [illegible]

10-16-2014
DATE

[illegible]
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE

CASE NUMBER: ____________

**Part C - RECEIPT**

CASE NUMBER: ____________

Return to: ____________ LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: ____________

DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN

BP-230(13)
JUNE 2002



**U.S. Department of Justice**
**Memorandum**
Federal Bureau of Prisons

*Federal Correctional Complex, Allenwood*

*United States Penitentiary*
*P.O. Box 3500*
*White Deer, PA 17887*

October 06, 2014

TO: WHOM IT MAY CONCERN

FROM: J. Neylon, Correctional Counselor

SUBJECT: Late Administrative Remedy Response

On October 03, 2014 inmate Tensley, Darian #41138-018, received a reply for an Institutional Administrative Remedy Appeal during the unit mail call. Specifically, he received case # 794141-F1. The reply by acting Warden, Mr. Charles Smith was dated September 22, 2014. This memorandum is to certify that inmate Tensley did not receive the Wardens response until October 03, 2014.

DARIAN RENARD TENSLEY, 41138-018
ALLENWOOD USP      UNT: II     QTR: B03-110L
P.O. BOX 3500
WHITE DEER,  PA 17887

Date Received
10/3/2014
In house mail

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 18, 2014


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : DARIAN RENARD TENSLEY, 41138-018
      ALLENWOOD USP     UNT: II     QTR: Z06-111UDS
      P.O. BOX 3500
      WHITE DEER,  PA 17887


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 790536-R1        REGIONAL APPEAL
DATE RECEIVED   : AUGUST 14, 2014
SUBJECT 1       : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2       :
INCIDENT RPT NO: 2480108

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.

Tensley # 41138-018 7/27/14 ICB

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

#13

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Tensley Darian R (LAST NAME, FIRST, MIDDLE INITIAL) 41138-018 (REG. NO.) SHU 115 (UNIT) USP Allenwood (INSTITUTION)

**Part A - REASON FOR APPEAL** This aforementioned appeal is based on the following Factors; 1. DHO Official Todd W. Cerney refused the proper protocol of hearing procedures that was due to me of the condition of false pretenses of several UDC proceeding that were held prior to my being transferred to U.S.P Allenwood and as well as at Allenwood;

1. The blantant disregard of the Sexual contents of of c.J. Seidel in F.C.I Schuylkill against me of behaviors that was unbefitting a federal employed Correctionals staff personnel
2. Inadequate and malicious conditioning of the Disciplinary Utilization Committees display to Deny material of an alleged investigation to the DHO proceedings by not giving materials with a timely fashion;
3. Discriminatory, Retalitory, Bias as well as Racial Disparity to having a fair hearing and and to present materials and evidence in behalf of this incident report code violation of Bureau of Prisons behaviorial contact, whereas on or about Aug 14, 2013 Correctional staff officer J. Seidel did stop me to perform an alleged Random Pat Frisk in which this staff blatant ly placed his hands on my buttocks in a manner that was neither professional or with

8/12/2014 (continuation lef) [signature] -41138-018

DATE SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE CASE NUMBER: 790536-R1

**Part C - RECEIPT** CASE NUMBER: ______

Return to: ______ LAST NAME, FIRST, MIDDLE INITIAL ______ REG. NO. ______ UNIT ______ INSTITUTION

SUBJECT: ______

DATE SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN PRINTED ON RECYCLED PAPER BP-230(13) JUNE 2002

Regional Administrative Remedy Appeal Continuation 2 of

or within structure of the guidelines and regulations of the procedural formation for inmate Pat Frisk; whereas I was subsegently taken to the SHU at F.C.I Schuylkill and stripped searched and badgered by staff until I was trans-seg to U.S.P Lewisburg (SMU) that same morning and further handled in a manner that was upprofessional, harsh and malicious..

The factors of this appeal is based on the procedures as well as behaviors that derived from this staff initial behavior to cause null factors to be presented in UDC procedures; witholding materials and further mannerisms of retalitory conditions that impeded my fairrights to DHO protocal; also upon arrival at U.S.P Allenwood where such DHO proceedings took place I have been denied the proper staff representative and or material of video surviellance prior to being transferred to either U.S.P Lewisburg or Allenwood SHU.

Exhibits = also Provided staff verification for Being Untimely = Exhibit O

1) The Discipline Hearing officer Report; were as it states that Lt Seeba misplaced the AUSA/FBI documentation of the released.

2) The DHO ofc Todd W. Cerney did not report every thing I/m Tensley stated about the series of events by BOP staff members. also the injuries I/m Tensley suffer that NO BOP staff would state.

3) The Informal Resolution regarding I/m Tensley being held under false pretense of a pending Assault charge; were as I/m Tensley states he was UDC by C/m F. Kloser on 12/11/2013; C/c SHuck state Incident report is suspended. Remedy Number 778637 R1 to which the Warden and Remedy Coordinator have Deniend;

These are the Remedies that I want; 1) An official investigation into this sexual Conduct and Batties occurred; 2) Expunged from Inmate Discipline file and all sanction be restored; 3) to be compensated for losed property and and injuries suffer by BOP staff members.

Regional Administrative Remedy Appeal Continuation 2 of

or within structure of the guidelines and regulations of the procedural formation for inmate Pat Frisk; whereas I was subsegently taken to the SHU at F.C.I Schuylkill and stripped searched and badgered by staff until I was trans-seg to USP Lewisburg (SMU) that same morning and further handled in a manner that was upprofessional, harsh and malicious.

The factors of this appeal is based on the procedures as well as behaviors that derived from this staff initial behavior to cause null factors to be presented in UDC procedures; witholding materials and further mannerisms of retalitory conditions that impeded my fair rights to DHO protocal; also upon arrival at U.S.P Allenwood where such DHO proceedings took place I have been denied the proper staff representative and or material of video surviellance prior to being transferred to either U.S.P Lewisburg or Allenwood SHU.

Exhibits = Also Provided staff verification for Being Untimely = Exhibit O

1) The Discipline Hearing Officer Report; were as it states that L/t Seeba misplaced the AUSA/FBI documentation of the released.
2) The DHO ofc Todd W. Cerney did not report every thing I/m Tensley stated. about the series of events by BOP staff members. also the injuries I/m Tensley suffer that NO BOP staff would state.
3) The Informal Resolution regarding I/m Tensley being held under false pretense of a pending Assault charge; were as I/m Tensley states he was UDC by C/m F. Kloser on 12/11/2013; C/c Sltuck state Incident report is 18 suspended. Remedy Number 778637-R1 to which the Warden and Remedy Coordinator have Denied;

These are the Remedy that I want; 1) An official investigation into this sexual Conduct and Battries occurred; Expunged from Inmate Discipline file and all sanction be restored; 3 to be compensated for losed property and injuries suffer by BOP staff members.

Regional Administrative Remedy Appeal Continuation 2 of

or within structure of the guidelines and regulations of the procedural formation for inmate Pat Frisk; whereas I was subsegently taken to the SHU at F.C.I Schuylkill and stripped searched and badgered by staff until I was trans-seg to U.S.P Lewisburg (SMU) that same morning and further handled in a manner that was unprofessional harsh and malicious..

The factors of this appeal is based on the procedures as well as behaviors that derived from this staff initial behavior to cause null factors to be presented in UDC procedures; witholding materials and further mannerisms of retalitory conditions that impeded my fair rights to DHO proto cal; also upon arrival at U.S.P Allenwood where such DHO proceedings took place I have been denied the proper staff representative and or material of video surviellance prior to being transferred to either U.S.P Lewisburg or Allenwood SHU,

Exhibits = also Provided staff verification for Being Untimely = Exhibit O

1) The Discipline Hearing officer Report; were as it states that Lt Seeba misplaced the AUSA/FBI documentation of the released

2) The DHO ofc Todd W. Cerney did not report every thing I/m Tensley stated about the series of events by BOP staff members. also the injuries I/m Tensley suffer that NO BOP staff wants to adress.

3) The Informal Resolution regarding I/m Tensley being held under false pretense of a pending Assault charge; were as I/m Tensley states he was UDC by C/m F.Kloser on 12/11/2013 C/c Sltuck states Incident Report is suspended. Remedy # 778637-R1 to which the Warden and Remedy Coordinator have Deniered:

These are the Remedies that I want; 1) An official investigation into this sexual Conduct and Batties occurred; 2) Expunged from Inmate Discipline file and all sanction be restored; 3) to be compensated for losed property and injuries suffer by BOP staff members.

Regional Administrative Remedy Appeal Continuation 2 of

or within structure of the guidelines and regulations of the procedural formation for inmate Pat Frisk; whereas I was subsegently taken to the SHU at F.C.I Schuylkill and stripped searched and badgered by staff until I was trans-seg to U.S.P Lewisburg (SMU) that same morning and further handled in a manner that was unprofessional harsh and malicious..

The factors of this appeal is based on the procedures as well as behaviors that derived from this staff initial behavior to cause null factors to be presented in UDC procedures; witholding materials and further mannerisms of retalitory conditions that impeded my fair rights to DHO protocal; also upon arrival at U.S.P Allenwood where such DHO proceedings took place I have been denied the proper staff representative and or material of video surviellance prior to being transferred to either U.S.P Lewisburg or Allenwood SHU.

Exhibits = also Provided staff verification for Being Untimely = Exhibit O

1) The Discipline Hearing officer Report; were as it states that Lt Seeba Misplaced the AUSA/FBI documentation of the released.

2] The DHO ofc. Todd W. Cerney did not report every thing I/m Tensley stated about the series of events by BOP staff members. also the injuries I/m Tensley suffer that NO BOP staff wants to adress.

3) The Informal Resolution regarding I/m Tensley being held under false pretense of a pending Assault charge; were as I/m Tensley states he was UDC by C/m F. Kloser on 12/11/2013 C/c SHuck states Incident Report is suspended Remedy # 778637-R1 to which the Warden and Remedy Coordinator have Denied

These are the Remedies that I want; 1) An official investigation into this sexual Conduct and Batties occurred; 2) Expunged from Inmate Discipline file and all sanction be restored; 3) to be compensated for losed property and injuries suffer by BOP staff members

Exhibit O

**U.S. Department of Justice**
**Memorandum**
Federal Bureau of Prisons

*Federal Correctional Complex, Allenwood*

*United States Penitentiary*
*P.O. Box 3500*
*White Deer, PA 17887*

August 11, 2014

MEMORANDUM TO ALL CONCERNED

FROM: N. Yarnell, Supervisor of Education

SUBJECT: Legal Copy Delay for Inmate
TENSLEY, DARIAN RENARD Reg. No. 41138-018

While housed in Special Housing Unit, Inmate Tensley, Darian #41138-018 submitted a request for legal copies to the Education Department the last week in July 2014. Due to staff being on leave, these legal copies were not returned to this inmate until August 11, 2014.

DISCIPLINE HEARING OFFICER REPORT CDFRM

AUG 11

**U.S. DEPARTMENT OF JUSTICE** Exhibit 1 **FEDERAL BUREAU PRISONS**

| | | |
|---|---|---|
| Institution: USP Allenwood, PA | Incident Report number: 2480108 | |
| NAME OF INMATE: TENSLEY, Darian | REG. NO.: 41138-018 | UNIT: III A |
| Date of Incident Report: 8/14/13 | Offense Code: 224 | |
| Date of Incident: 8/14/13 | | |
| Summary of Charges: Assaulting any person | | |

I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to the inmate on (date) **8/14/13** at (time) **4:00 pm** by (staff member) **K. Ferguson**

B. The DHO Hearing was held on (date) **7/9/14** at (time) **0830**

C. The inmate was advised of the rights before the DHO by (staff member): **F. Klosen** on (date) **12/11/13** and copy of the advisement of rights form is attached.

II. STAFF REPRESENTATIVE

A. Inmate waived right to staff representative. Yes **X** No____.

B. Inmate requested staff representative and ______________________ appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:

D. Staff representative ______________________ was appointed.

E. Staff representative statement: N/A

III. PRESENTATION OF EVIDENCE

A. Inmate _______(admits) **X** (denies) ______ (neither admits nor denies) the charge(s)

B. Summary of inmate statement:

At the onset of this hearing, this inmate was advised of his Rights before the DHO, indicated he understood them and chose to provide the following statement:

"The officer brushed his hand across my buttocks. I knocked his hand away. He tried to push me against the wall. When he touched my buttocks, it caught me by surprise."

The DHO recognized delayed processing in this case. This incident was alleged to have occurred on August 14, 2013. The report was written immediately following and delivered to the inmate on that same date. Given the charged act, the case was referred to outside law enforcement for possible criminal charges. TENSELEY was then transferred from FCI Schuylkill to USP Lewisburg. The incident was investigated by Lt. J. Seeba, on December 10, 2013, at 12:00 pm. The UDC also took place at USP Lewisburg. This occurred on December 11, 2013. After TENSLEY was transferred from Lewisburg to USP Allenwood, contact was made regarding outside law enforcement intervention, as this information was not supplied with the original documentation. It was discovered and documented that this case had been released by the U S Attorney's Office for processing. Documentation of the December 10, 2013, investigation by Lt. Seeba did not arrive at Allenwood until July 1, 2014. Upon this, the DHO believed all necessary documentation was included and the case proceeded.

The inmate provided no documentary evidence for consideration.

C. Witnesses:

1. The inmate requested witnesses. Yes______ No **X** .
2. The following persons were called as witness at this hearing and appeared:
3. A summary of the testimony of each witness is attached.
4. The following persons requested were not called for the reason(s) given:
5. Unavailable witnesses were requested to submit written statements and those statements received were considered.

DHO Report

Exhibit 1

Sensitive But Unclassified

**DISCIPLINE HEARING OFFICER REPORT** CDFRM

**U.S. DEPARTMENT OF JUSTICE** Exhibit 1 **FEDERAL BUREAU PRISONS**

| Name of Inmate: TENSLEY, Darian | Reg. No.: 41138-018 | Hearing Date: 7/9/14 |
|---|---|---|

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

Memorandum from J. Seeba, dated July 1, 2014.

E-mail message from J. Hepner, dated June 18, 2014.

Evidence photographs taken on August 14, 2013.

BOP Health Services Clinical Encounter for TENSLEY, Darian # 41138-018.

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

IV. FINDINGS OF THE DHO

X A. The act was committed as charged.

____ B. The following act was committed: __________.

____ C. No prohibited act was committed. Expunge according to Inmate Discipline PS.

____ D. Not Psychologically Responsible.

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.):

During this discipline hearing, the following information was evidentiary and documented by the DHO in his findings.

TENSLEY's involvement in the incident, as noted in Section 11 of Incident Report 2480108, provided by J. Seidel, CTR Officer, was reviewed. Paraphrased, J. Seidel writes: On 8/4/14, at or about 6:37 am, I was conducting a random pat search on inmate TENSLEY, Darian # 41138-018, when he spun around and knocked my hands away from his body. I attempted to place inmate TENSLEY against the wall to apply hand restraints. Inmate TENSLEY became very aggressive and punched me in the face with a closed fist causing my nose and mouth to bleed. Assistance was called and inmate TENSLEY was restrained with the least amount of force necessary.

Inculpatory evidence in the form of photographs of J. Seidel, dated August 14, 2013 was reviewed. In this, Officer Seidel was noted with blood on his mouth and nose.

*Although not brought up at this DHO hearing, the DHO recognized TENSLEY had made a reference to video surveillance review at the UDC from December 11, 2013. Contact was made with FCI Schuylkill regarding possible video surveillance of the dining hall at approximately 6:37 am, on August 14, 2013. Captain J. Hepner, provided documentation stating there was no video footage as there were no cameras in the dining hall when the incident occurred.

Upon questioning by the DHO, TENSLEY denied the charge. He elaborated upon his plea by stating, "The officer brushed his hand across my buttocks. I knocked his hand away. He tried to push me against the wall. When he touched my buttocks, it caught me by surprise." The DHO did not find TENSLEY's testimony compelling in showing the charged act not committed. It was believed, during a pat search, contact with the buttocks would likely occur. The DHO did not believe Officer Seidel's pat search of TENSLEY warranted the violent reaction as documented by Seidel. Ultimately, TENSLEY struck Officer Seidel in the face which caused his mouth and nose to bleed. As such, the DHO supported the charged act.

After the consideration of evidence documented above, the DHO has drawn the conclusion the greater weight of the evidence, listed in the paragraphs above, supports the finding, TENSLEY, Darian, Register No. 41138-018, committed the prohibited acts of Assaulting any person, Code 224, on 8/14/13, at or about 6:37 am, dining hall, at FCI Schuylkill, PA.

BP-A0304 DISCIPLINE HEARING OFFICER REPORT CDFRM
AUG 11

**U.S. DEPARTMENT OF JUSTICE** Exhibit 1 **FEDERAL BUREAU PRISONS**

| Name of Inmate: TENSLEY, Darian | Reg. No.: 41138-018 | Hearing Date: 7/9/14 |
|---|---|---|

VI. SANCTION(S) OR ACTION(S) IMPOSED:

Code 224 - 60 Days disciplinary segregation.
27 Days DGCT - 010 P.
30 Days FFNVGCT - 010 P
6 Months loss of commissary privileges, concluding, 2/12/15.
6 Months loss of visitation privileges, concluding, 1/8/15.

*All sanctions are served consecutive to like sanctions previously imposed.

VII. REASON FOR EACH SANCTION OR ACTION TAKEN:

TENSLEY's assault of a staff member indicates his proclivity for violence. Striking a staff member threatens the safety of all involved and severely hampers the ability of the victim to effectively maintain their area of responsibility. This type of behavior will not be tolerated. Accordingly, disciplinary segregation, disallowed good conduct time and forfeiture of non-vested good conduct time are sanctioned in an effort to punish TENSLEY for his behavior, while loss of commissary and visitation privileges will hopefully deter him from actions of this type in the future.

VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, sanction(s)/action(s) and reasons for the action. The inmate has been advised of the right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX. Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| **Todd W. Cerney** | [signature] | 7-16-14 |

Delivered to Inmate: [initials] 7-17-14

Prescribed by P5270 Replaces BP-304(52) of JAN 88

Exhibit (3)

LEW 1330.16A
ADMINISTRATIVE REMEDY PROGRAM
ATTACHMENT A

INFORMAL RESOLUTION ATTEMPT # 08 -IF- 14

In accordance with Program Statement 1330.16, Administrative Remedy Program, this form will serve as documentation by the respective staff member and his unit manager to indicate an informal attempt to resolve the complaint of the following inmate: Continuement

NAME: Tensley, Darian Reg. No. 41138-018

FORM TO INMATE: 04-24-2014 STAFF G. Shuck Z-H Block
(Date) (Name) (Unit)

A BP-229(13) WILL NOT ORDINARILY BE ACCEPTED WITHOUT THIS COMPLETED FORM ATTACHED

---

1. Nature of Complaint (to be completed by inmate):

I'm being held under false pretense of a pending Assault charge. On 11/14/2013 I was interviewed by a FBI Investigator. On 12/10/2013 I was given an Incident Report by S.I.S On 12/11/2013 I was U.D.C by C/m E. Kloser Upon information and belief he informed me that the pending case had been (Released) even showen me the Document stateing this. Being I asked him if the pending Assault had if the pending Assault had been dismiss. Now BOP staff members are continue to use this against me being dont understand and dealing with a LOW IQ and learning disability. 6.3.2. Constitutionality of Conditions of Isolated Confinement It States that Appointed Counsel must be provided to prisoner who are in Adminstrative Detention pending investigation and Trial on felonies committed in prison. Counsel must be appointed prior to indictment In the Merriam Webster Dictionary (R·E·L·E·A·S·E) means 1 release 1= to set free from confinment or restraint = Also = dismiss <released from her Job> to relieve from something that oppresses Confines, or burdens. 2=release 1= Relief or deliverance from sorrow, suffering, or trouble 2= discharge from an Obligation or responsibility 3= An act of setting free; the state of being free 4= A document effecting a legal release = Article 11. NO ONE shall be held guilty of any penal offence on account of any act or omission which did not constitute a penal offence Under national or international law at the time when it was committed NOR shall a heavier penalty be imposed than the one that was applicable at the time the penal offence was committed. Abuse of process = I've been waiting to see DHO Since 12/11/2013, its been 5 months now. This time could be credit to my sanctions. Contination of Retallatory treatment

5 of 19 41138-018

§ 3161. Time limits and exclusions

(a) In any case involving a defendant charged with an offense, the appropriate judicial officer, at the earliest practicable time, shall, after consultation with the counsel for the defendant and the attorney for the Government, set the case for trial on a day certain, or list it for trial on a weekly or other short-term trial calendar at a place within the judicial district, so as to assure a speedy trial.

(b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

(c) (1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate [United States magistrate judge] on a complaint, the trial shall commence within seventy days from the date of such consent.

(2) Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

11136015

(a) In any case involving a defendant charged with an offense, the appropriate judicial officer, at the earliest practicable time, shall, after consultation with the counsel for the defendant and the attorney for the Government, set the case for trial on a day certain, or list it for trial on a weekly or other short-term trial calendar at a place within the judicial district, so as to assure a speedy trial.

(b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

(c) (1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate [United States magistrate judge] on a complaint, the trial shall commence within seventy days from the date of such consent.

(2) Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.

(d) (1) If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

a. **Pre-Indictment Delay**

Under the Speedy Trial Act, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . ." 18 U.S.C. § 3161(b). Various periods are excluded from the thirty day clock, including, "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel . . . . " 18 U.S.C. § 3161(h)(7)(A). However, "[n]o such period of delay resulting from a continuance granted by the court . . . shall be excludable . . . unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

Villalobos claims that the pre-indictment continuances lacked the specific reasoning required by the Speedy Trial Act. Without valid continuances, Villalobos argues, the Speedy Trial clock ran far beyond the required 30 day limit prior to indictment.

Exhibit
(2)

Exhibit (2)

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Although the statute of limitations provides the defendants with primary guarantee against the bringing of overly stale criminal charges, the Due Process Clause also affords protection against "[o]ppressive **pre-indictment delay** within the applicable limitations period . . . ." *Ismaili*, 828 F.2d at 167. The sanction for violation of this right is dismissal, and this requires that the defendant prove two essential facts: "(1) that the government intentionally delayed bringing the indictment in order to gain some advantage over him and that (2) this intentional delay caused the defendant actual prejudice." *Id.*

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Administrative Detention Pending investigation of violation

Date: USP Lewisburg  8/14/13
Date: USP Allenwood   5/19/14
Date USP Allenwood   6/17/14

Exhibit 4

Ex (P)

66DMINISTRATIVE DETENTION ORDER
U.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISONS

U.S.P. Lewisburg, Pa.
Institution

Date/Time: 08/14/2013 1130

TO: Special Housing Unit Officer

FROM: K. Ferguson, Lieutenant

SUBJECT: Placement of inmate Tensley, Darian Reg.#41138-018 Administrative Detention:

____(a) Is pending a hearing for a violation of Bureau regulations;
_X_(b) Is pending investigation of a violation of Bureau regulations;
____(c) Is pending investigation or trial for a criminal act;
____(d) Is to be admitted to Administrative Detention

___(1) Since the inmate has requested admission for protection;

I hereby request placement in Administrative Detention for my own protection.
Inmate Signature/Register No.:________________
Staff Witness Printed Name Signature:____________________

___(2)Since a serious threat exists to individual's safety as perceived by staff, although person has not requested admission; referral of the necessary information will be forwarded to the UDC/DHO for appropriate hearing.

_____ (e)Is pending transfer or is in holdover status during transfer.
_____ (f)Is pending classification; or psychology clearance.
_____ (g)Is terminating confinement in Disciplinary Segregation and has been ordered into administrative Detention by the Warden's designee.
_____ (h)DHO Sanction-

It is this officer's decision based on all the circumstances that the above named inmate's continued presence in the general population poses a serious threat to life, property, self, staff, other inmates, or to the security or orderly running of the institution because:
**You are being placed in Administrative Detention Pending investigation of violation of Bureau regulations.**

The inmate received a copy of this Order on (date/time) 08-14-13 2100

Staff Witness Signature/Printed
Name: **R. Miller, LT/**
*In the case of DHO action, reference to that order is sufficient. In other cases, the officer will make an independent review and decision, which is documented here. Record Copy - Inmate Concerned (not necessary if placement is a result of holdover status); Copy - Captain; Copy - Unit Manager; Copy - Operation Supervisor - Administrative Detention Unit; Copy - Central File

Exhibit's
(4)

3 of 19 -41138-018

In house Mail
unknown c/o
3-19-2014 pm time

Copy

BP-S30-8.052 ADMINISTRATIVE DETENTION ORDER CDFRM
MAY 94
U.S. DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS

USP ALLENWOOD
Institution

Date/Time: May 19, 2014 (8:00PM)

2B

TO: Special Housing Unit Officer

FROM: J. Nickerson/ Lieutenant ______, (Name/Title)

SUBJECT: Placement of Tensley, Darian, Reg. No. #41138-018, in Administrative Detention

_____ (a) Is pending a hearing for a violation of Bureau regulations;
_____ (b) Is pending investigation of a violation of Bureau regulations;
_____ (c) Is pending investigation or trial for a criminal act;
xxxxxxxx (d) Is to be admitted to Administrative Detention

_____ (1) Since the inmate has requested admission for protection;

I hereby request placement in Administrative Detention for my own protection.

Inmate Signature/Register No.: ______________________

Staff Witness Printed Name Signature: ______________________

_____ (2) Since a serious threat exists to individual's safety as perceived by staff, although person has not requested admission; referral of the necessary information will be forwarded to the UDC/DHO for appropriate hearing.

_____ (e) Is pending transfer or is in holdover status during transfer.
_____ (f) Is pending classification; or
_____ (g) Is terminating confinement in Disciplinary Segregation and has been ordered into Administrative Detention by the Warden's designee.

It is this officer's decision based on all the circumstances that the above named inmate's continued presence in the general population poses a serious threat to life, property, self, staff, other inmates, or to the security or orderly running of the institution because*
**You are being placed in the SPECIAL HOUSING UNIT Administrative Detention pending classification with no central file.**

Therefore, the above named inmate is to be placed in Administrative Detention until further notice. The inmate received a copy of this Order on (date/time) May 19, 2014 (8:00PM)
Staff Witness Signature/Printed Name ______ /Tyson, S Date 5/19/14
*In the case of DHO action, reference to that order is sufficient. In other cases, the officer will make an independent review and decision, which is documented here.

Record Copy - Inmate Concerned (not necessary if placement is a result of holdover status); Copy - Captain; Copy - Unit Manager; Copy - Operation Supervisor - Administrative Detention Unit; Copy - Central File

(This form may be replicated via WP) Replaces BP-308(52) of JAN 88

10 of 19 41138-018

Exhibit (H)

BP-S308.052 **ADMINISTRATIVE DETENTION ORDER** CDFRM
MAY 94
**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISC**

USP Allenw
Institut

Date/Time: June 17, 2014 12:0

TO: Special Housing Unit Officer

FROM: J. Marr, Lieutenant , (Name/Title)
SUBJECT: Placement of Tensley Reg No. 41138-018, in Administrative Detention

______ (a) Is pending a hearing for a violation of Bureau regulations;
______ (b) Is pending investigation of a violation of Bureau regulations;
______ (c) Is pending investigation or trial for a criminal act;
XX (d) Is to be admitted to Administrative Detention

______ (1) Since the inmate has requested admission for protection;

I hereby request placement in Administrative Detention for my own protection.
Inmate Signature/Register No.: ______

Staff Witness Printed Name Signature: ______

______ (2) Since a serious threat exists to individual=s safety as perceived by staff, altho person has not requested admission; referral of the necessary information will forwarded to the UDC/DHO for appropriate hearing.

______ (e) Is pending transfer or is in holdover status during transfer.
XX (f) Is pending classification; or SIS Investigation.
______ (g) Is terminating confinement in Disciplinary Segregation and has been ordered i Administrative Detention by the Warden=s designee.

It is this officer=s decision based on all the circumstances that the above named inmate=s contin presence in the general population poses a serious threat to life, property, self, staff, other inmat or to the security or orderly running of the institution because*
You are being placed in the Special Housing Unit pending SIS investigation
Therefore, the above named inmate is to be placed in Administrative Detention until further notice.
inmate received a copy of this Order on (date/time) June 17, 2014 12:05pm
Staff Witness Signature/Printed Name D. Temple Date 06/17/14

*In the case of DHO action, reference to that order is sufficient. In other cases, the officer will m an independent review and decision, which is documented here.

Record Copy - Inmate Concerned (not necessary if placement is a result of holdover status); Copy - Capta Copy - Unit Manager; Copy - Operation Supervisor - Administrative Detention Unit; Copy - Central F

(This form may be replicated via WP) Replaces BP-308(52) of JAN

G-324

-S288.052 INCIDENT REPORT CDFRM

DEPARTMENT OF JUSTICE # 2480108 (3) OF PRISONS

1. Name Of Institution: FCI SCHUYLKILL

Part I - Incident Report

| 2. Name Of Inmate<br>Tensley, Darian | 3. Register Number<br>41138-018 | 4. Date Of Incident<br>8-14-13 | 5. Time Approx.<br>6:37 am |
|---|---|---|---|
| 6. Place Of Incident<br>FCI Dining Hall | 7. Assignment<br>PM Cook | 8. Unit<br>3A | |

9. Incident: Assaulting any person 10. Code:224

11. Description Of Incident (Date: 8-14-13 Time: 6:37 am Staff become aware of incident) On 8-14-13 at approximately 6:37 am I was conducting a random pat search on inmate Tensley #41138-018 when he spun around and knocked my hands away from his body. I attempted to place inmate Tensley against the wall to apply hand restraints. Inmate Tensley became very aggressive and punched me in the face with a closed fist causing my nose and mouth to bleed. Assistance was called and inmate Tensley was restrained with the least amount of force necessary.

| 12. Signature Of Reporting Employee | Date And Time | 13. Name And Title (Printed) |
|---|---|---|
| [signature] | 8-14-13<br>7:30 am | J. Seidel CTR Officer |

| 14. Incident Report Delivered To Above Inmate By | 15. Date Incident Report Delivered | 16.time Incident Report Delivered |
|---|---|---|
| [signature] | 8-14-13 | 400 pm |

Part II - Committee Action 12/10/2013 1700pm

17. Comments Of Inmate To Committee Regarding Above Incident

| 18. A. It Is The Finding Of The Committee That You:<br>_____ Committed The Following Prohibited Act.<br>_____ Did Not Commit A Prohibited Act. | B. _____ The Committee Is Referring The Charge(s) To The DHO For Further Hearing.<br>C. _____ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 20 Calendar Days. |
|---|---|

19. Committee Decision Is Based On The Following Information

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

21. Date And Time Of Action ________________ (The UDC Chairman=s Signature Next To His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects The UDC Proceedings.)

Chairman (Typed Name/signature) Member (Typed Name) Member (Typed Name)

Record Copy - Central File Record; Copy - DHO; Copy - Inmate After UDC Action; Copy - Inmate Within 24 Hours Of Part I Preparation
(This Form May Be Replicated Via WP)

Replaces BP-288(52) Of Jan 88

2 of 19 41138-018

AMENDED COMPLAINT UNDER § 14.2(C)

**CLAIM FOR DAMAGE, INJURY, OR DEATH**

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED OMB NO. 1105-0008

1. Submit to Appropriate Federal Agency: DEP'T OF JUSTICE
NORTHEAST REGIONAL OFFICE
U.S.CUSTOMS HOUSE,TORT Div.
2 ND. & chestnut streets,
HPILADELPHIA,PA. 19106

2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. TENSEY DARIAN,REG 41138 - 018
U.S.P.ALLENWOOD,
P.O.BOX 3000
WHITE DEER,PA. 17887

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 6/26/1977 | | 8/14/2013 | Approxm.6:00 am. |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary). I acknowledge receipt dated 7/6/2015, of notice to six month determination and adjudication on claim No.TRT-NER-2015-05026 date of claim 7/6/2015. I hereby incorporate the above referenced original complaint as though fully stated herein. 1) I amend to clarify the judgment which has been mis-construed in various ways. 2) In section 8 of original complaint the first fasility men-tioned in the continues injury and or campaign of terror was U.S.P.SCHUYKILL,not U.S.P. LEWISBURG as the notice suggest see continuos page number ( 8-A)

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

AMENDED COMPLAINT UNDER § 14.2 (C)

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT. I incorporate the original FTC filed unde NO.TRT-NER- 2015-05026 as though being fully stated herein.

11. NAME ... , and Zip Code)

Exhibits Exhibits
(4) and (5) (4) and (5)

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| N/A | | N/A | $ 100,000, |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| 018-41138 [signature] | N/A | |

| **CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM** | **CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS** |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

THIS IS CONTINUOS PAGE NUMBER ( 8- A )

TENSEY DARIAN ,REG# 41138-018
U.S.P.ALLENWOOD,
P.O.BOX 3000
WHITE DEER ,PA. 17887

dated 7/ /1025
Claim NO: TRT_NER_2015 05026

3) **I determined the initial assault to be one which is sexual in nature,and degree, but** the region downplays / wilfully chooses / turns a blind eye / neglects to properly call it what it was and as I have perceived and reported the incident as a "SEXUAL ASSAULT " , 4) Although **assault and battery suggestedy** the region is also true , **it is only sec**ondary to the initial injury, see exhibit # ( 4- 1 ) of the original FTC., not provided herein rather in the file as previuoly submitted on 7/6/2015, and exhibit # (5- 1 ) also found in the same, of the events latter in the same day at the receiving facility of U.S.P.Lewisburg for continues tortures and physical assaults ,enter alia, among other things.

wherefore the corrections to the properly named facility and cause of action to sexual assault must be made.

VERIFICATION

I,TENSEY DARIAN,DO HEREBY VERIFY THAT THE FORGOING IS TRUE AND CORRECRT TO THE BEST OF MY KNOWLEDGE,BELEIF AND INFORMATION UNDER PENALTY OF PERJURY ( 28 U.S.C.§ 1746 ) THIS 22 DAY OF July 2015

RESPECTFULLY SUBMITTED
[signature] -41138018
TENSEY DARIAN
U.S.P.ALLENWOOD
P.O.BOX 3000
WHITE DEER , PA. 17887

# CLAIM FOR DAMAGE, INJURY, OR DEATH

INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROROVED OMB NO. 1105-0008 EXPIRES 5-31-05

1. Submit To Appropriate Federal Agency: U.S.DEP'T OF JUSTICE
REGIONAL DIRECTOR,
NORTHEAST REGIONAL OFFICE
U.S.CUSTOMSHOUSE,TORT Div.,
2nd.& Chestnut strees,Phila,PA.19106

2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)
TENSEY DARIAN,REG.41138-018
U.S.P.ALLENWOOD,
P.O.BOX 3000
WHITE DEER,PA.17887

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M) |
|---|---|---|---|---|
| MILITARY CIVILIAN X | 6/26/1977 | | 8/14/2013 | Apprxm.6:00 AM. |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.) On 8/14/2013,I was entering the mess hall at U.S.P.SCHUYKILL when c/o J.Seidel began a pat down search of me and suddenly,not only did he pull my pants up betweenmy buttocks but also his hand causing me to slap his hand away and upon turning around on Seidel I was punched in the left eye,he ramend my head into the window causing me to black out and he also used racial slurs.This isSexual assault & harrasment,Physical assaultand battery,Excessive Use of force,ordenary neglegence,abuse of process,discrimination, See continued page#(8-2)herein

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

N/A

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT loss of sleep,fear,mistrust,nervous,tense,frequent nightmares acompanied with severe sweating,stomachaches and the pre-existing conditions to my mental deficits being multiplied to such conditions as depression,borderline personality disorder,see continued page( 8-3)

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| | |

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| N/A | $100,000, | N/A | $100,000, |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| [signature] -41138-018 | N/A | 7/6/2015 |

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**

The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.)

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**

Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.)

95-108
Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items – Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden, to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number. No

N/A

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

N/A

17. If deductible, state amount

N/A

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

N/A

19. Do you carry public liability and property damage insurance? Yes, If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*) No

N/A

THIS IS CONTINUEU PAGE #(8-2)

TENSEY DARIAN,
REG# 41138-018
U.S.P.ALLENWOOD
P.O.BOX 3000
WHUTE DEER,PA. 17887

in violation of the 8th amendment guaratee to be free from wanton infliction of pain,deliberate indufference to a serious medical need medical Malpractice and neglect and ordenary neglect. denied due process.

2) as a consequence ,durring the initial medical evaluation or examination, I/M was not permitted to report the sexual misconduct to the CEO per B.O.P. policy thus staff acted in concert to conseal the sexual misconduct by C/O Siedel,denied due process,although I did report it to female PA.,treated my injuries.Is ordenary neglect,medical malpractice and neglect,in violation of § 4042,the 8th amendment,28C.F.R. , Wanton infliction of pain and deliberate indifference to a serious medical need,

3) I/M was trans seg that very same morning to U.S.P.Lewisburg (SMU)to U/M G. Nye stated that someone was coming to get me of the transit van again, I was physically assaulted by C/O Sittletto and other B.O.P. personnel on the stairwel on G_Block.

4) I was awakened by LT.Sherman and the use of force team whon claimed that I was kicking on the door as a pretence to unlawfully use the concussion granade,was shot wuth red mace balls ,black rubber bullets in retaliation for the events which cause the very tranfer there.In violation of the 8th.amendment guarantee to be free from wanton infliction of pain,deliberate indifference to a serious medical need, and to § 4042, acted in concert to wilfully and deliberately conceal the injuries caused at schuykill as to the black eye and other visable bruses see exhibit (4-1)dated 8/14/2014,falsified medical records as to the decontaminated with H2O did not happen. has left scars on my body,retalition for the events which caused my transfer there, and used excessive use of force,abuse of process,omition by the C/O to protect.

5) I begen my administrative remedies on / / , and was given a retaliatory incident report as a consequence on 12/11/201 , and shortly thereafter ,B.O.P. took steps to begin filing criminal retaliatory charges and or malicious prosecution and or abuse of process,to coerce my into dropping the sexual misconduct claims against seidel and the assaults against the

·See Continuing Page 8-3

THIS IS CONTIUED PAGE (8-3)

TENSEY DARIAN
REG# 41138-018
U.S.P.ALLENWOOD
P.O.BOX 3000
WHITE DEER,PA. 17887

the other unknown C/O's who physically and brutally assaulted me and the medical staff also acted in concert to conceal the extent of the injuries and falsified the treament rendered and the cause of the injuries see exhibit #(5-1) herein.thus denied equal protection under the law,due process, in violation of the 5th amendment .

6- STATEMEN OF CLAIMS

ABUSE OF PROCESS,MALICIOUS PROSECUTION,RETALITORY PROSECUTION,ORDENARY NEGLEGENCE,& VIOLATIONS AND DEPRIVATIONS OF THE 8th.AMENDMENT GUARANTEE TO BE FREE FROM WANTON INFLICTION OF PAIN,DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED,MEDICAL MALPRACTICE AND NEGLEGENCE, ASSAULT AND BATTERRY,FALSIFYING AND OR ALTERING MEDICAL RECORDS,DENIED EQUAL PROTECTION UNDER THE LAW, DUE PROCESS,IN VIOLATION OF § 4042,TO PROVIDE APROPRIATE MEDICAL TREATMENT,EMOTIONAL INJURY, VIOLATIONS OF THE 5th.amendment,ADD CRUEL AND UNUSSUAL TREATMENT TO THE 8TH. AMENDMENT VIOLATION,WILFULL failure to investigate the claims of sexual assault,EXCESSIVE USE OF FORCE,

FALSIFYING INCIDENT REPORT,RETALIATION FOR EXERSICING PROTECTED RIGHT TO SPEECH IN FILING COMPLAINT AND ADMINISTRATIVE REMEDIES,IN VIOLATION OF THE FIRST AMENDMENT TO THE U.S.CONSTITUTION.RETALIATORY TRANSFER,DISCRIMINATION,

7) PERSONAL INJURY

SCARS ON MY WRISTS AND AROUND MY BODY

Darian Tensley - 41138-018
U.S.P Canaan
P.O. Box 300
WayMart PA 18472-0800

RECEIVED
SCRANTON

NOV 27 2015

PER ________
DEPUTY CLERK

UNITED STATES POSTAL SERVICE
1000

Office
United S
Middle
William J.
235 Nor
P.O.
Scrant

Legal Mail
Sent Friday
11/20/2015
41138-018