UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

United States of America,

v.

No. 3:15 Cr 108

(Judge Munley)

Darian Tensley,
      Defendant

FILED SCRANTON JAN 29 2016 PER DEPUTY CLERK

MOTION FOR LEAVE TO REQUEST NEW ATTORNEY
Re: Ineffective Assistance of Counsel
Re: Double Jeopardy Clause

    Comes now the defendant Darian Tensley, Pro se, praying for this Honorable Court's relief in regards to a violation of F.B.O.P policy offense code (224). *Assaulting any person*, as well as Criminal Docket No. 3:15-cr-108.

### JURISDICTIONAL STATEMENT

    Defendant claims Constitutional Rights per First 10 Amendments to the Constitution. Defendant also claim rights pursuant to Article IV, Section 3, clause 1. If the plaintiff does not have subject matter jurisdiction then this action must be dismissed.

### BACKGROUND

    On or about June 2, 2015, the defendant was indicted for assault. This incident stemmed from the defendant being searched and having been sexually assaulted. The defendant alleges that the government intentionally delayed indicting him as well as abused the grand jury process against him.

The defendant alleges that his attorney Ms. Ingrid S. Cronin from the Federal Public Defender's Office is grossly negligent and ineffective. There are numerous issues that are now too late to correct. The issues are as follows:

1. Ingrid S. Cronin has not vistited, scheduled any defense pre-trial motions or subpeona'd any witnesses for the defense of Darian Tensley.

2. Defense Counsel has lied to defendant about obtaining medical records, video surveillance tapes and exculpatory and inculpatory information.

3. Counsel for the defense failed to obtain a suppression hearing. Counsel for the defendant failed to obtain any documentary evidence about the hospital files, and diagnosis or leave of absence records.

4. Counsel for the defense never obtained the re-referral records from the Regional director or U.S. Attorney regarding when and why or how this case was re-referred.

5. The F.B.O.P already sanctioned and reprimanded the defendant under their policy being that the Incident report is a 200 series, this should have been a non-criminal matter. Also the AUSA released this case back to the F.B.O.P for disposition.

6. My Attorney has failed to bring all of these Pre-trial factys to the attention of the court.
    (A) Pre-Indictment delay
    (B) Grand Jury process abuse
    (C) Double Jeopardy Violation
    (D) Retaliation
    (E) Conflict of Interest

(F) Breach of Fuduciary Duty
(G) Violation of Oath of Office

7. The ABA Code of Proffessional Responsibility strickly forbeds this type of Imadequate Representation.

8. My attorney's performance has fell below an objective standard of reasonableness.

9. This prosecution is a violation of Program Statement 1350.01 dealing with criminal matter referrels.

10. This raise extreme due process law violations.
    a. Speedy Trial
    b. Grand Jury Clause
    c. Due Process Clause

11. Per Kathleen Hawk, Regional Director program statement 1350.01

Under No. 6 Titled: "<u>Notification to Legal Staff</u>." "Legal Staff shall follow any case referred to ensure all prosecution are timely."

12. Bottom line, due to the series of the Incident Report this was not a criminal matter.

## CONCLUSION

Defendant seeks leave to aquire an attorney who will adequately and constitutionally represent him to raise issues that are detrimental and vital to the presentation of a defense. Also Defendant prays to enter (Exhibit 1), as a pretrial motion, into the record as evidence under the Federal Rules of Evidence. As well as (Exhibit 2) Program Statement 1350.01.

*[signature]* -41138-018
Darian Tensley

Date: 1/21/2016

## CERTIFICATE OF SERVICE

I Darian Tensley, hereby certify that a copy of the foregoing was mailed First Class Prepaid Postage to the United State's Attorney's Office and to my Attorney Ms. Ingrid S. Cronin on this 21 day of January 2016.

*[signature]* -41138-018
Darian Tensley